### SQUIRE v. FLYNN.

Arrest on final process when no order had been obtained

THIS was an action on a contract, in which no order to arrest was obtained. After judgment for the plaintiff, and an execution against the goods, etc., was returned unsatisfied, an execution against the person of the defendant was issued, and he was arrested and committed to jail in Queens county.

*Busteed*, on an affidavit that no order to arrest the defendant had been obtained, moved for his discharge from imprisonment.

*Sayre*, for plaintiff, read affidavits showing that the defendant had fraudulently contracted the debt, and might have been arrested under sections 179 and 181 of the Code, and claimed that the execution against the person was properly issued under section 288.

*Edmonds, Ch. J.:* Section 288 of the Code of Procedure would seem to be broad enough to justify the defendant's

Squire v. Flynn.

arrest on final process, even though no order to arrest had been obtained. The language of that section is, that "if the action be one in which the defendant *might have been arrested* (not has been), as provided in sections 179 and 181, an execution against the person, etc., may be issued;" and if the plaintiff's construction be correct, then, without ever obtaining from a judge an order to arrest the defendant, the attorney for a plaintiff may of course issue an execution against the person, and have the defendant imprisoned, provided that on a motion to discharge him, he can show that the case is one in which he might have arrested the defendant at the commencement of the action.

I apprehend this cannot be the true construction, for it would be virtually repealing the act to abolish imprisonment for debt, so far as final process is concerned. A defendant can in no case on contract be arrested without a judge's order, so that the question whether the defendant is liable to be arrested is first to be passed upon by a judge.

That order may be obtained at any time during the progress of a suit before judgment — § 183 — and an undertaking must be given to protect the debtor against an abuse of the power to arrest.

So that in a case like the present, a debtor cannot be arrested unless he has fraudulently contracted the debt, and a judge's order has been obtained, and an undertaking has been given. The mere existence of the fact that the debt has been fraudulently contracted, is not enough to warrant an arrest. That fact must be accompanied by a judge's order, and an undertaking. All three of these requisites must unite to justify an arrest. This is what section 288 means when it says, "might have been arrested as provided in sections 179 and 181."

Any other construction would virtually destroy all the safeguards which the statute has thrown around the invasion of personal liberty, and would render utterly useless the provision that the question of liability to arrest shall be first passed upon by a judical officer.

The motion to discharge the defendant must therefore be

granted, but as the mistake has been produced by the very equivocal language of the statute, it must be on condition that he stipulate not to sue for false imprisonment.

Motion granted on terms.