## SUPREME COURT.

### MASTEN agt. SCOVILL.

The true criterion for issuing an execution against the *person* of a defendant after judgment, is this: *Could the defendant have been arrested before judgment*, under the provisions of the chapter relating to arrest and bail.

Not whether an order of arrest has been actually obtained before judgment, nor whether the pleadings show a statement of facts upon which he might be arrested.

By the Code, the practice is intended to be left as formerly in this respect; that is, a party obtaining judgment must determine for himself whether under the existing provisions of law he can safely arrest the defendant on final process or not. Neither party is concluded by an order of arrest or a statement in the pleadings.

An action may, in form, appear from the pleadings *ex contractu* entirely, when in its very essence and gravamen it is *ex delicto*, sounding altogether in tort. As, for instance, an action against a common carrier, and for a breach of marriage promise, &c. (see *Flynn agt. The Hudson River Rail Road Company, ante page* 308).

(*It will be seen that this case concurs with Cheney agt. Garbutt, 5 How. Pr. R. 467, and differs very materially from Gridley agt. Macumber, id. 414, and Corwin agt. Freeland, ante page*, 241).

*Albany Special Term, December* 1851. *Motion to set aside execution against the defendant's person.* The complaint states that the plaintiff had purchased of the defendant a horse for which he had paid $150, in consideration of which the defendant warranted that the horse was sound, &c.; that the defendant further represented that he had long been acquainted with the horse, and knew all about him, and knew him to be sound, &c. It is then alleged that the horse was, in fact, unsound, and that this was known to the defendant and fraudulently concealed from the plaintiff at the time of the sale. The answer denies these allegations.

The cause was tried by the court. From the decision which forms a part of the record, it appears that it was proved upon the trial that, upon the sale, the defendant fraudulently represented the horse to be sound, whereas he knew him to be unsound, and fraudulently concealed the fact from the plaintiff. Judgment having been perfected for $151·37, an execution was issued

against the property of the defendant to the sheriff of Washington, and returned unsatisfied.    An execution against the person of the defendant was then issued to the same sheriff.    This execution the defendant moves to set aside.

J. K. PORTER, *for Plaintiff.*

J. POTTER, *for Defendant.*

HARRIS, Justice.——As I understand the 288th section of the Code, an execution against the person of a judgment debtor may be issued in any case in which the defendant might, before judgment, have been arrested under the provisions of the chapter relating to arrest and bail.    Whether an order for the arrest of the defendant had, in fact, ·been obtained, is wholly immaterial. The criterion is the right to such an order.    Upon this point I am unable to concur in the views of Mr. Justice EDMONDS, as expressed in Squire vs. Flynn (8 *Barb.* 169).    That learned judge admits that the language of the section is broad enough to authorize an arrest upon final process, where no order to arrest had been obtained; yet he thinks that in actions upon contract, the right to arrest the defendant upon execution should be restricted to cases in which, before judgment, such right has been determined, upon application for an order.    I find nothing in this section which justifies this restricted construction.    On the contrary, it is declared that whatever the action, whether founded upon a contract or a wrong, if it be an action which, under the provisions of the 179th and 181st sections of the Code, would have entitled the plaintiff to an order for the defendant's arrest, an execution against the person may be issued after judgment, whether the order had been obtained before judgment or not. The criterion is not, whether in any case an order had been obtained, but, in every case, it is whether it might have been obtained.

Nor can I concur in the opinion expressed by Mr. Justice Hubbard in Gridley agt. Macumber (5 *Howard* 414), that the complaint should always show that the defendant is liable to arrest. I think it is shown conclusively by Mr. Justice Welles, in Cheney agt. Garbutt (5 *Howard*, 467), that it was never intended that the facts which rendered the defendant liable to arrest, except so

far as they may be involved in a statement of the cause of action itself, should be set forth in the complaint; should any matter, not pertinent to the cause of action, be inserted in the complaint, merely to show that the defendant is liable to arrest, as, for example, that the defendant had removed or was about to remove his property with intent to defraud his creditors, I can see no reason why it would not be treated as redundant or irrelevant.

It has been said that such a construction "would be, virtually, repealing the act to abolish imprisonment for debt, so far as final process is concerned" (Squire vs. Flynn, above cited). But I can not admit the soundness of this argument. Before the Code, as well as since, a party who had recovered judgment, might, at his peril, issue execution against the person of his debtor, in any case, notwithstanding the prohibitions of the act to abolish imprisonment for debt. It was for the plaintiff in the judgment to determine in the first instance, whether he had a case which would authorize the imprisonment of his debtor. If he erred, the court, upon application, would set aside the process, or perhaps, without waiting for this, the party imprisoned might bring his action for an illegal arrest. At any rate, the consequences of such illegal arrest were, and still are, sufficiently serious to secure at least a reasonable degree of caution in the issuing of such process. I think the framers of the Code intended to leave the practice, in this respect, where they found it, and to allow the party obtaining a judgment, to determine for himself whether under the existing provisions of law the defendant may safely be arrested. In determining this question, neither party is concluded either by an order of arrest, or the statements in the pleadings. The true office of the order of arrest is well stated by Mr. Justice Hubbard in the case already noticed, and the relation of the pleadings to this question is equally well stated in Cheney vs. Garbutt.

The question, therefore, in this, as in every other case, is, whether upon the principles prescribed in the 179th section of the Code, the defendant "might have been arrested." For this purpose, the facts as they appear upon the motion are material. If they establish a case which would have sustained an order of arrest before judgment, they will also sustain an execution against the person after judgment. Taking this rule for our guide, there

is little difficulty in determining the question now in hand. Like the action against a common carrier, the plaintiff's case, as presented in his complaint, would have sustained, at common law, an action upon the contract or in case for the fraud (see Burkle vs. Ellis, 4 *Howard*, 288; Flynn agt. the Hudson River Rail Road Company, *ante* 308). But the gravamen of the plaintiff's case, as stated in his complaint, and still more decidedly as established upon the trial, was the fraudulent misrepresentations of the defendant on the sale of the horse. It will not be denied that in such a case the defendant might have been held to bail before judgment. If so, we have seen that he is also liable to arrest upon final process. The motion must, therefore, be denied, but without costs.